UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ZAFAR IQBAL,

                         Plaintiff,                     **ORDER**
    -against-                               12 CV 3067 (DRH) (AYS)

BHINDA MULTANI, ATIF SYED,
MONIZA SYED, KHURRAM SYED,
BBQ NITE AND FRIED CHICKEN,
BBQ NITE RESTAURANT, MEHRAN
GRILL,

                         Defendants.
------------------------------------------------------------X

**HURLEY, Senior District Judge:**

Zafar Iqbal ("plaintiff" or "Iqbal") commenced this action against his former employers,

BBQ Nite Restaurant, BBQ Nite Fried Chicken, Mehran Grill, Atif Syed, Khurram Syed, Bhinda

Multani, and Moniza Syed for unpaid wages, minimum wage violations, and overtime wages

under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

On October 9, 2012, plaintiff filed a motion for default judgment as to the four individual

defendants. After the defendants' default was noted by the Clerk of Court pursuant to Federal

Rule of Civil Procedure ("Rule") 55(a), plaintiffs moved for entry of a default judgment under

Rule 55(b) ("the first default motion"). On October 25, 2012, the first default motion was

referred to United States Magistrate Judge Gary R. Brown (the then-assigned Magistrate Judge)

to issue a Report and Recommendation as to whether plaintiff had demonstrated that the

allegations in the Complaint established the individual defendants' liability such that the motion

for default judgment should be granted, and if so, to determine the appropriate amount of

damages, costs, and/or fees, if any, to be awarded. Subsequently, Atif Syed and Khurram Syed

submitted *pro se* answers denying the allegations in the complaint, and Atif Syed made an

appearance at the initial conference before Judge Brown. (*See* Docket Nos. 27, 28, 31.)

On August 28, 2013, Judge Brown issued a Report and Recommendation finding that good cause existed to set aside the default as to Atif Syed and Khurram Syed but recommending that default judgment be entered against Binda Multani and Moniza Syed. Judge Brown also recommended that the calculation of damages with respect to Binda Multani and Moniza Syed be deferred until resolution of the case as to all defendants. On September 20, 2013, the Court adopted those recommendations.

Subsequently, Atif Syed and Khurram Syed stopped participating in this action and failed to respond to an Order to Show Cause as to why their failure to participate should not result in reinstatement of notation of their defaults. On April 24, 2015, plaintiff filed a motion to reinstate the defaults of Atif and Khurram Syed ("the second default motion"). On September 11, 2015, the Court referred the second default motion to Magistrate Judge Anne Y. Shields to issue a Report and Recommendation as to whether default judgment should be entered against Atif and Khurram Syed, and if so, to determine the appropriate amount of damages, costs, and/or fees to be awarded. On January 5, 2016, Judge Shields issued a Report and Recommendation recommending that default judgment be entered against Binda Multani and Moniza Syed in the amount of $50,213.52 and Atif Syed and Khurram Syed in the amount of $15,537.18. Judge Shields also recommended that Iqbal be granted leave to seek attorneys' fees upon a submission of proper documentation. More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Rule 72, this Court has reviewed the Report and Recommendation of Judge Shields for clear error, and finding none, now concurs in both its

2

reasoning and its result.  Therefore, the Court adopts the Report and Recommendation of Judge

Shields as is set forth therein.  Accordingly, default judgment shall be entered against Binda

Multani and Moniza Syed in the amount of $50,213.52 and against Atif Syed and Khurram Syed

in the amount of $15,537.18.  The Court further grants Iqbal leave to seek attorneys' fees within

thirty (30) days of this Order.


                                              **SO ORDERED.**


Dated:  Central Islip, New York
          March 11, 2016


                                              _____/s/_____

                                              Denis R. Hurley
                                              Unites States District Judge